# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

ALBERT MONCRIEFF

(b) County of Residence of First Listed Plaintiff — Washington County, Texas
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

TYUMEN OIL COMPANY;
TOC INVESTMENTS CORPORATION;
AND TNK-BP COMPANY

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF LAND INVOLVED.

RECEIVED
MAR 1 2004
CLERK US DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

(c) Attorney's (Firm Name, Address, and Telephone Number)

Joseph Y. Ahmad, Ahmad, Zavitsanos & Anaipakos, P.C.,
3460 One Houston Center, 1221 McKinney St., Houston, Texas 77010-2009, USA
(713) 655-1101; (713) 655-0062, Telecopier

Attorneys (If Known)

**304 CV - 426 - M**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U S Government Plaintiff
- ☐ 2 U S Government Defendant
- ☐ 3 Federal Question (U.S Government Not a Party)
- X 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| X 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- X 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Plaintiff claims against Defendants is for a breach of contract. Diversity jurisdiction exists since Defendants are alien business entities.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: X Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE 2/27/2004
SIGNATURE OF ATTORNEY OF RECORD /s/ Joe Ahmad

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| F. ALBERT MONCRIEFF <br>     Plaintiff, | § § § | |
| VS. | § § | CIVIL NO. _____ |
| TYUMEN OIL COMPANY; <br> TOC INVESTMENTS CORPORATION; <br> AND TNK-BP COMPANY <br>     Defendants | § § § § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff F. Albert Moncrieff (hereinafter referred to as "Moncrieff" or "Plaintiff") and complains of Defendants Tyumen Oil Company ("Tyumen" or "TNK"), TOC Investments Corporation ("TOC"), and TNK-BP Company ("TNK-BP") (hereinafter the three defendants jointly are referred to as "Defendants"), and will respectfully show the Court the following:

### I.
### INTRODUCTION

1. This action seeks damages for Defendants' breach of contract.

2. Plaintiff suffers from cancer and, due to Defendant's termination of his Employment Agreement (at issue in this lawsuit), Plaintiff's COBRA benefits will expire in approximately 17 months.

3. Due to his cancer, it will be difficult if not impossible for Plaintiff to obtain health insurance after that date.

4. Accordingly, Plaintiff seeks an expedited discovery schedule and trial setting.

5. Plaintiff demands a jury on all issues triable to a jury.

## II.
## PARTIES

6. Plaintiff is an individual citizen of the United States residing in Brenham, Washington County, Texas.

7. Defendant Tyumen Oil Company is a Russian Joint Stock Company with principal offices in 625000, Tyumen, Lenina str., 67, Russian Federation, and additional offices in 113093 Moscow, Schipok str., 18, bld. 2, Russian Federation. Tyumen has consented to jurisdiction of the United States Courts in Dallas, Texas. Service of the Summons and this Complaint may be made by service upon an officer of the Corporation or pursuant to the means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, pursuant to Fed. R. Civ. Proc. 4(f) or 4(h)(1).

8. Defendant TOC Investments Corporation is registered under the laws of the British Virgin Islands and has its office at Palm Chambers, P. O. Box 119, Road Town, Tortola, British Virgin Islands. By accepting assignment of the Tyumen's obligations under the Employment Agreement between Moncrieff and Tyumen, TOC Investments Corporation has consented to jurisdiction of the United States Courts in Dallas, Texas. Service of the Summons and this Complaint may be made by service upon an officer of the Corporation or pursuant to the means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, pursuant to Fed. R. Civ. Proc. 4(f) or 4(h)(1).

9. Defendant TNK-BP is a Russian company jointly owned by BP p.l.c. ("British Petroleum" or "BP") and the Russian Alpha Group in cooperation with Access/Renova Holdings ("AAR"). Its principal offices are located at 113093 Moscow, Schipok str., 18, bld. 2, Russian Federation. As a successor of Tyumen, TNK-BP has consented to the jurisdiction of the United States Courts in Dallas, Texas. Service of the Summons and this Complaint may be made by service upon an officer of the Corporation or pursuant to the means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, pursuant to Fed. R. Civ. Proc. 4(f) or 4(h)(1).

10. Whenever in this petition it is alleged that any Defendant committed any act or omission, it is meant that such Defendant's officers, directors, principals, owners, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of the specified Defendant or was done in the routine normal course and scope of employment of such Defendant's officers, directors, principals, owners, agents, servants, or employees.

### III.
### JURISDICTION AND VENUE

11. This is a diversity action between a citizen of the United States and citizens or subjects of a foreign state with amount in controversy in excess of $75,000.00.

12. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(2).

13. Under 28 U.S.C. § 1331(a)(3) and (d), venue is proper in Dallas, Texas because the Plaintiff resides in Texas, the Defendants are alien corporations, and Section 7(g) of the parties' contract at issue specifies that any disputes must be heard in the federal courts of Dallas, Texas.

## IV.
## FACTS

14. Plaintiff entered a written Employment Agreement (the "Agreement") with Tyumen Oil Company effective June 1, 2000.

15. Plaintiff's Employment Period was to continue until May 31, 2005.

16. Plaintiff has fully performed all of his obligations under the Agreement.

17. In October 2001, Tyumen assigned its rights and obligations under the Agreement to TOC Investments Corporation.

18. However, under Paragraph 6 of the Agreement, notwithstanding the assignment Tyumen remained "fully liable" to Plaintiff for the payment and performance of all agreements and covenants made in the Agreement.

19. In September, 2003, BP merged its Russian assets into those of Tyumen Oil Company, creating TNK-BP, a joint venture between BP and AAR. As the successor to TNK, TNK-BP has assumed TNK's obligations under the Employment Agreement.

20. Under the Agreement, Defendants were obligated to pay Plaintiff a monthly salary and an annual bonus.

21. Plaintiff's 2003 bonus was to have been at least $200,000.00 and was due in December, 2003.

22. Defendants have not paid Plaintiff his 2003 bonus and have indicated that they will not pay Plaintiff his salary from February, 2004 forward.

23. At all relevant times, Plaintiff has been ready and willing to perform under the Agreement, but since the summer of 2003 Defendants have not allowed him to do so.

24. Accordingly, Plaintiff has "Good Reason" (as defined in the Agreement) to terminate the Agreement.

25. If the Agreement is terminated without Cause or for Plaintiff's Good Reason, Defendants must meet all of their obligations under the Agreement for the duration of the Employment Period.

26. On December 5, 2003, C. K. Potter, the Financial Director of OAO TNK-BP (acting on behalf of Tyumen and/or TOC) verbally advised Plaintiff that he had decided not to utilize Plaintiff's services any further.

27. However, Tyumen and TOC did not comply with the Employment Agreement's requirements concerning termination or notice and neither stated nor possessed Cause to terminate the Agreement.

28. On January 6, 2004, Plaintiff sent Notice of Default to Tyumen.

29.     On January 27, 2004, OAO TNK-BP, on behalf of Tyumen, sent Plaintiff a Notice of Termination purporting to terminate his employment for Cause.

30.     However, the reasons stated in the Notice were not legitimate or true.

31.     Plaintiff has not failed to perform his obligations under the Employment Agreement.

32.     Plaintiff's job performance was always deemed acceptable by Defendants as reflected in the bonus payments and salary previously paid to Plaintiff, and the fact that Defendants did not previously advise Plaintiff of alleged poor job performance.

## V.
## CAUSES OF ACTION - BREACH OF CONTRACT

33.     Plaintiff incorporates the allegations stated above. Defendants wrongfully terminated the Employment Agreement and had no grounds for alleging the termination was for "Cause."

34.     Defendants have failed to perform as promised under the Agreement, and this failure constitutes a breach of contract.

35.     As a result of Defendants' breach, Plaintiff has sustained significant damages.

36.     Defendants are indebted to Plaintiff for damages arising from the breach of the contract.

## VI.
## DAMAGES

37. As proximate results of Defendants' breach of contract, Plaintiff has suffered losses in the form of unpaid salary, benefits, bonuses, insurance, and other benefits provided under the Employment Agreement.

38. In addition, Plaintiff has suffered consequential damages including the inability to retire certain debt and the increased cost of obtaining credit, which constitutes injury to his credit reputation.

39. As provided in the Section 5 of the Agreement, Plaintiff is entitled to recover all of his attorneys fees and expenses in pursuing this lawsuit.

40. In addition, under Section 38.001 of the Texas Civil Practice and Remedies Code Plaintiff is entitled to recover his attorneys' fees.

41. In addition, Plaintiff also seeks the following relief: (1) prejudgment and post-judgment interest as allowed by law; (2) costs; and (3) all other legal or equitable relief to which the Court deems Plaintiff entitled.

## VII.
## JURY DEMAND

42. Plaintiff demands trial by jury on all issues triable to a jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final hearing and trial hereof, this Court grant the relief requested above, taxable court costs, pre-judgment and post-judgment interest, and attorney's fees. Plaintiff further respectfully requests that this Court grant him any such additional relief as the Court may deem just and proper.

Respectfully submitted,

AHMAD, ZAVITSANOS & ANAIPAKOS, P.C.

_____
Joseph Y. Ahmad
State Bar No. 00941100
3460 One Houston Center
1221 McKinney Street
Houston, Texas 77010-2009
Telephone: (713) 655-1101
Telecopier: (713) 655-0062

ATTORNEY FOR PLAINTIFF
F. ALBERT MONCRIEFF